IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT BLACK, individually and as
Co-Trustee of the Defined Benefit Plan and
Trust for the Employees of Blue Sky Natural
Beverage Co.,

   Plaintiff,

vs.            No. CIV 01-1032 M/DJS

THE TURPIN CONSULTING GROUP
INC., a New Mexico Corporation, d/b/a
TURPIN & ASSOCIATES; JAMES E.
TURPIN, individually; and MITCHELL E.
KAWAMOTO, individually,

   Defendants.

**MEMORANDUM OPINION AND ORDER ALLOWING AMENDED COMPLAINT**

   THIS MATTER COMES before me on Defendants's Motion to Dismiss the Plaintiff's Complaint for failure to allege sufficient facts to establish federal subject matter jurisdiction. Defendants bring this motion pursuant to Fed. R. Civ. P. 12 (b)(1). This case has been brought under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq. Both parties agree that when the Complaint alleges that the Defendants breached fiduciary duties under 29 U.S.C. § 1104 (a)(1) and § 1106 (a) of ERISA, subject matter jurisdiction necessarily depends on the Defendants having been "fiduciaries" as that term is defined in ERISA. *Bozeman. Provident Nat'l Assurance Co.*, 1992 WL 328804 (W.D. Tenn).

   Defendants argue that the Complaint, as it is presently written, fails to allege facts

sufficient to establish the Plaintiff's claim that the Defendants were fiduciaries. Instead they argue that the allegations in the Complaint that "Defendants were fiduciaries of the Plan" (Doc. No. 1, ¶ 19) are conclusive in nature and not dispositive of the issue whether the Defendants actually were fiduciaries. While a 12 (b)(6) motion requires that all well-pleaded factual allegations of the Complaint are taken as true and that all reasonable inferences are resolved in favor of the plaintiffs, *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991), the Court is not required to accept the conclusory allegations of the Complaint. *Swanson v. Bixler*, 750 F. 2d 810, 813 (10th Cir. 1984). I find that the conclusory allegations in the Complaint do not allow me to determine whether in fact the Defendants were fiduciaries as that term is defined in ERISA.

In order to expeditiously decide this motion and in the interest of just, speedy and inexpensive determination of this action, I hereby grant the Plaintiff leave to Amend his Complaint to allege facts sufficient to establish that the Defendants were fiduciaries under this defined benefit plan. The Amended Complaint shall be filed within twenty days of the date of this Order.

NOW, THEREFORE, IT IS ORDERED that Plaintiff be allowed to file an Amended Complaint within twenty days of the date of this Order.

---

SENIOR UNITED STATES JUDGE